UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MICHAEL STRAIT**                                                                                       **MOVANT**

v.                                                                              **CIVIL ACTION NO. 4:14CV-P81-JHM**

**UNITED STATES OF AMERICA**                                                             **RESPONDENT**

### MEMORANDUM OPINION

By Order entered December 16, 2014 (DN 3), the Court directed Movant Michael Strait, *pro se*, either to pay the $5.00 filing fee in full or to file an application to proceed without prepayment of the filing fee along with a certificate from the warden or other appropriate officer of Movant's place of confinement showing the amount of money or securities that he has in any account in the institution. On January 8, 2015, the U.S. Postal Service returned the copy of the Order sent to Movant at his address of record (DN 4). The returned envelope was marked "Return To Sender," "Attempted – Not Known," and "Unable To Forward." A handwritten notation indicated, "could not find in system." Well over 30 days have passed since Movant's mail has been returned to the Court as undeliverable, and he has failed to notify this Court of a change in address.

Upon filing the instant action, Movant assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Movant has not provided any notice of an address change to the Court, neither orders from this Court nor filings by Respondent can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a litigant fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The Court concludes that Movant has abandoned his interest in prosecuting this case and will, therefore, dismiss the action by separate Order.

Date: February 24, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Movant, *pro se*
U.S. Attorney
4414.005